UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Helen Elizabeth Doyle,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Financial Recovery Services, Inc.,<br><br>　　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Defendant's invasion of Plaintiff's privacy that occurred during the course of its attempts to collect an alleged debt.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Helen Elizabeth Doyle (hereinafter "Plaintiff") is a natural person who resides in the City of Cumming, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Financial Recovery Services, Inc. (hereinafter "Defendant FRS") is a corporation and a collection agency operating from address 4640 West 77th Street, Suite

300, Edina, MN  55435 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. Upon information and belief, sometime prior to April 13, 2010, Plaintiff allegedly incurred a consumer debt as that term is defined at 15 U.S.C. § 1692a(4) related to a credit card.

5. Upon information and belief, the alleged debt was transferred to Defendant for collection.

6. Beginning in or about April 2010, Defendant began to place calls to Plaintiff's former place of employment and previous employer's home telephone numbers in an attempt to collect the alleged debt from Plaintiff.

7. On numerous occasions, during live conversations with a third party and in voice mail messages left at both of the former employer's phone numbers heard by at least one third party, Defendant disclosed it was a debt collector seeking to collect a debt from Plaintiff in violation of 15 U.S.C. §§ 1692d and 1692c(b).

8. The third party with whom Defendant communicated in connection with Plaintiff's alleged debt did not have a legitimate business need for the information communicated in the messages and live conversations.

9. Plaintiff did not authorize Defendant to communicate with any third parties.

10. On more than one occasion, the third party spoke with Defendant and insisted that Defendant stop directing its collection campaign to his home and business numbers as

-2-

Plaintiff could not be reached at his place of business or his home, and specifically stated that he was not Plaintiff's spouse.

11. Regardless, Defendant continued to call the third party, communicated and disclosed private information over the course of four months through July 2010 related to Plaintiff's alleged outstanding debt, in violation of 15 U.S.C. §§ 1692d and 1692c(b).

12. In violating the aforementioned provisions of the FDCPA, Plaintiff has suffered emotional distress, anxiety, humiliation and frustration constituting actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

13. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for her actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

17. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The forgoing conduct by Defendant constitutes an unreasonable intrusion upon seclusion upon Plaintiff's privacy.

20. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, or private concerns or affairs of the Plaintiff.

21. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, or private concerns or affairs.

22. These intrusions and invasions of privacy by this Defendant occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.

23. Plaintiff has suffered damages as a result of Defendant's conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and invasion of privacy;

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grants such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 3rd day of June, 2011.

By: s/ Trista M. Roy
Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
Trista M. Roy, Esq.
Attorney I.D. #0387737
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tristacjc@aol.com
tlyons@lyonslawfirm.com

Attorneys for Plaintiff

-6-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF GEORGIA**           )
                               ) ss
**COUNTY OF <u>DAWSON</u>**    )

      I, Helen Elizabeth Doyle, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                    s/Helen Elizabeth Doyle
                                                    Helen Elizabeth Doyle

Subscribed and sworn to before me
this <u>3rd</u> day of June, 2011.


s/Alesia G. Wells
Notary Public